33 C.C.P.A.(Patents)

### Application of LONG.
### Patent Appeal No. 5054.

Court of Customs and Patent Appeals.
Jan. 7, 1946.

Vernon M. Dorsey, of Washington, D. C. (Sheldon H. Graves, of counsel), for appellant.

A. M. Holcombe and Theodore A. Hostetler, both of Washington, D. C., for Alien Property Custodian.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed the decision of the Primary Examiner in finally rejecting claim 23 of an application for a patent for a method and apparatus for tempering glass sheets. Two method claims were allowed. From the decision of the board this appeal was taken.

The claim was rejected as unpatentable over the patent to Tillyer et al., 1,809,534, June 9, 1931, and reads as follows: "23. In apparatus for tempering glass sheets or plates, the combination of means for heating a glass plate to its softening point, a plurality of successively positioned stationary blowing units arranged in rows and provided with blowing orifices, cooling fluid connections to the blowing units and orifices, valve mechanism and operating devices associated with each of said units; means for transporting the glass plate from the heating means between the rows of blowing units, and means cooperating with the plate transporting means for actuating said valves to admit cooling fluid to said orifices, on approach of the glass plate to a blowing unit, to maintain the application of cooling fluid to the glass plate during its travel past the blowing unit, and to terminate the blast of cooling fluid when the glass plate has passed beyond the blowing unit."

The purpose of the invention is to avoid the presence of defects such as iridescent spots in the product. The application discloses two opposing heating elements, between which a sheet of glass, standing vertically on its lower edge, is caused to travel. After it has been heated to the softening point, it passes under a plurality of "successively positioned stationary blowing units," and finally between two cooling heads. Means are provided for actuating the blowing units so that as the glass being treated approaches each unit, cooling fluid passes therethrough to the surface of the glass as it passes, and for terminating the flow after it has passed beyond the blowing unit.

The patent to Tillyer et al. discloses means for strengthening glass so that the finished product is free "from the defects usually associated with such strengthened glass." In that patent an apparatus is shown in which a lens is moved slowly through a heated chamber in order to bring it to a desired temperature. It is then passed, by the same moving means, through another chamber, where a cooling blast is applied to it, and thence to an annealing chamber where the temperature falls to that of the atmosphere. While the drawings depict the strengthening of a glass lens, it is stated that one of the objects of the patent "is to provide means whereby various sizes of glass articles may be strengthened." Means are provided whereby the flow of the cooling liquid is automatically turned on and off.

The examiner rejected the claim on the ground that the duplication of the blowing unit of the patent with the transporting means actuating the valve does not involve invention and would be merely carrying

forward the same idea as that disclosed in the reference.

The contention of appellant appears to be that the tribunals of the Patent Office erred for the reason that in the reference patent there is a single cooling bell under which the glass rests until it is thoroughly chilled before annealing, whereas in the involved invention there are "a plurality of successively positioned stationary blowing units arranged in rows."

There can be no question that the purpose of the apparatus of appellant and that of the patent are broadly the same. Both are for the purpose of tempering glass by heating and then cooling it by blowing cold air against it. In the apparatus of each the glass is constantly moved along, and means for the entrance of the cooling medium may be opened and closed automatically so that the flow of air against the glass continues during a predetermined time.

It is clear to us that no patentable distinction can be drawn between the apparatus of the appellant and that shown in the prior art. The fact that in the former there is a succession of blowing valves, and in the latter a single blowing valve, merely carries forward in the former the idea shown in the prior art and does substantially the same thing by substantially the same means. This cannot constitute invention. In our opinion appellant has merely duplicated, in the device of his invention, the means for glass tempering shown in the patent.

The decision of the Board of Appeals is affirmed.

Affirmed.